No. 8296.

## KITSON, ADMINISTRATOR, v. HILLABOLD.

EVIDENCE.—*Admissions.* — *Estoppel.* — *Former Adjudication.* — *Partnership.*— Suit between partners for an accounting, etc.; it appearing that the funds of the firm came to the hands of the defendant, he offered to prove that $225 thereof which he handed to the plaintiff for a partnership use the latter admitted he had used for himself. It appeared that the defendant and another, as partners, had before sued the plaintiff for this $225 and failed to recover it. The evidence offered was rejected. *Held*, that this was error.

From the Kosciusko Circuit Court.

J. S. Frazer, W. D. Frazer and S. J. North, for appellant.
R. B. Encell and H. S. Biggs, for appellee.

BLACK, C.—This was a suit brought in 1877 by the appellee against Adam Ketsing. The complaint showed that in 1874 the plaintiff and the defendant entered into a copartnership in the business of purchasing, manufacturing and selling to a certain railroad company railroad ties; that they were equal partners in said business, sharing equally in profits and losses; that the firm purchased, manufactured and sold to said company ties to the amount of $6,113.24, which was

Kitson, Administrator, *v.* Hillabold.

received by the defendant, who also received $300, borrowed by him, for the firm, of a person named; that the plaintiff manufactured and furnished ties to the amount of $965.60, for which said firm was indebted to him; that the defendant manufactured and furnished ties to the amount of $320, for which the firm was indebted to him; that the firm purchased ties to the amount of $3,332.14, which the defendant paid out of the money so received; that the balance of said money so received remained in the hands of the defendant; that said firm ceased to act and transact business in October, 1874; that the defendant had held and used all the balance of said partnership money for his own private purposes from that time, refusing to settle with the plaintiff, though he had demanded settlement; that all the property of the firm was disposed of, and all its debts were paid, except said debt of $300, and the defendant had all the money of the firm; that he had ample funds of said firm with which to pay said debt, and had so had at all times since October, 1874, but he refused to pay it, for the express purpose of preventing a settlement of the business of the firm; that the plaintiff could not write, and could keep accounts only by memory; that all the books, papers and accounts of said firm were in the possession of the defendant, or under his control as a member of another firm, named, and the plaintiff could not give a more detailed statement of the business of the first mentioned firm; that, on a fair and reasonable settlement of the business of the partnership, there was due the plaintiff $1,500. Prayer for an accounting, and for judgment against the defendant for one thousand dollars, and for all proper relief.

There was an answer in two paragraphs, the first being a general denial. In the second paragraph it was alleged that in April, 1876, there was between the plaintiff and the defendant an accounting, and a full settlement and adjustment of the partnership accounts.

A reply in denial was filed, and the cause was tried by a jury. The verdict was for the plaintiff, and, among other things,

the jury found that the defendant had in his hands $1,651.70, as the proceeds of the business of said firm, and that the sum of $950 was due from the firm to the plaintiff, and should be paid to him out of said sum in the hands of the defendant. A motion for a new trial was overruled, and judgment was rendered for the plaintiff.

After the cause had been brought to this court, but before it was submitted, the defendant, who was the appellant, died, and a suggestion of his death and of the appointment of Isaac Kitson as the administrator of his estate having been made, the appeal has been prosecuted by said administrator.

On the trial, it having been proved that a large amount of money of the firm had been received by the defendant, and the plaintiff having testified that he had received no money from the firm, and the defendant having testified that he gave the plaintiff, when on a certain occasion he went to Fort Wayne, two hundred and twenty-five dollars of partnership funds with which to buy certain timber, which the plaintiff testified he bought upon his own credit, the defendant, testifying as a witness in his own behalf, was asked by his counsel: "What did Hillabold tell you, when he returned from Fort Wayne, that he had done with the $225 which you had given him of partnership funds with which to buy the Bowser or Fort Wayne land?" The plaintiff having objected to this question, counsel for the defendant stated that they expected to prove by the answer to this question that the plaintiff stated that he had applied the $225 to uses of his own. The court sustained the objection.

It is manifest from what has gone before that this offered evidence was relevant and material. It would seem that it was excluded because it was admitted by the defendant's counsel, "that a claim of $225, for this money, was included in the charges in the account of Silas L. Ketsing & Co. against Martin Hillabold in a suit by them against said Hillabold, and that the court did not allow said $225 to said Silas L. Ketsing & Co. in that suit."

Kitson, Administrator, v. Hillabold.

The firm of Silas L. Ketsing & Co. was a firm engaged in mercantile business, and was composed of the defendant and his son. It might well be that the evidence which would uphold a claim for this sum as having been drawn by the plaintiff from the firm composed of the plaintiff and the defendant, or which would establish an indebtedness of the plaintiff to the defendant for that amount, would not support a claim of the defendant jointly with his son against the plaintiff for the same money. Though in a former action, to which the plaintiff and the defendant were parties, it had been adjudged that the receipt by the plaintiff of this sum of $225 did not create an indebtedness of the plaintiff therefor to the defendant and his son jointly, this did not estop the defendant from asserting in this action a claim against the plaintiff for the same sum of $225. The fact that the same evidence which in this suit was offered in reference to said sum of $225 was introduced in support of a claim for that sum in a former action, of which the parties to this action were parties, could not make the former adjudication an estoppel if the evidence relevant to the issues in this suit was not relevant to the issues in the former suit; and the evidence here rejected could not have supported a joint claim of the defendant and his son against the plaintiff. *Lawrence* v. *Vernon*, 3 Sumner, 20.

There certainly was error in the rejection of this offered evidence, and, as it does not appear that the error did not injure the defendant, it must work the reversal of the judgment. As a new trial must be granted, we will not express an opinion upon the evidence. Other questions mooted in the briefs, so far as raised in the record, are not such that they will probably arise again.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed at the appellee's costs.

Filed Feb. 14, 1884. Petition for a rehearing overruled April 25, 1884.